IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

PETER TAYLOR                                                                                         PLAINTIFF

VS.                                                                              CIVIL ACTION NO. 3:13CV150-SAA

ROGERS GROUP, INC.                                                                              DEFENDANT

**MEMORANDUM OPINION**

This case is before the undersigned on the defendant's motion for summary judgment. The motion is fully briefed and ready for review.

**FACTUAL, PROCEDURAL AND JURISDICTIONAL BACKGROUND**

Plaintiff Peter Taylor is a resident of Farmington, New York. Defendant Rogers Group, Inc. [RGI], an Indiana corporation with its principal place of business in Tennessee, is authorized to do business in the State of Mississippi.[1] Taylor filed this action against RGI in the Circuit Court of Marshall County, Mississippi on May 17, 2013, seeking damages for injuries he sustained in an accident caused by the negligence of one of RGI's employees during road construction in Marshall County, Mississippi. Docket 3. Defendant removed the action to this court on June 6, 2013. Docket 1. The court has jurisdiction of this action under 42 U.S.C. § 1332 as there is complete diversity between the parties, and the amount in controversy exceeds $75,000.00.[2]

---

[1] Defendant RGI is in good standing with the Mississippi Secretary of State's office and its registered agent for service of process is located in Flowood, Mississippi.

[2] In accordance with the provisions of 28 U.S.C. § 636 (c), both parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including an order for

1

The facts of this case are generally agreed. *See* Docket 43. As summarized from the statement of undisputed facts (Docket 43), defendant RGI was the prime contractor for road construction work to be performed for the Mississippi Department of Transportation ("MDOT") on U.S. Highway 78 in Marshall County. RGI subcontracted with Villager Construction, Inc., plaintiff's employer, to remove pavement on the highway. The contract between RGI and Villager required Villager to "acquire, pay for and thereafter maintain policies of insurance," including workers' compensation insurance for its employees working at the project. Villager maintained coverage through ABC Compensation Trust.

Rogers was injured at the project on April 30, 3012, while he was standing on the shoulder of the west bound lane of Highway 78 helping remove asphalt for Villager when a cluster of barrels fell off a passing truck driven by RGI's employee, hit him from behind and caused him to fall onto the pavement. On May 7, 2012, plaintiff submitted a claim to Villager's workers' compensation carrier for the injuries he sustained, and Villager's carrier compensated plaintiff, paying him temporary total disability benefits, permanent partial disability benefits and all of his medical bills.

RGI filed a motion for summary judgment on March 25, 2014, arguing that plaintiff's claims are barred by the exclusive remedy provision of the Mississippi Workers' Compensation Act, MISS. CODE ANN. §71-3-1, *et seq*. Docket 42. A little over a week after it filed the summary judgment motion, RGI filed a motion for leave to amend its answer to include the exclusive remedy provision as an affirmative defense. Docket 48. The court allowed the amendment on June 10, 2014, and RGI filed its First Amended Answer to include as a defense

---

entry of a final judgment.

the exclusive remedy provision of the Mississippi Workers' Act. Docket 62 & 63. The specific defense added is as follows:

### TWENTIETH DEFENSE

> Plaintiff's claims against RGI are barred because Plaintiff, as a statutory employee of RGI under the Mississippi Workers' Compensation Act in connection with the project at issue, could only pursue a remedy against RGI for his alleged injuries under the Mississippi Workers' Compensation Act. MISS. CODE ANN. §§71-3-7.

Docket 63, p. 6. On July 28, 2014 the court denied plaintiff's Motion to Strike Waived and Untimely Defenses. Docket 67. The parties now have fully briefed the motion for summary judgment, and after detailed review of the record in this case, applicable rules and case law, the court finds that the defendant's motion should be granted.

## **STANDARD OF REVIEW**

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes this showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, quoting FED. R. CIV. P. 56(c), (e). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[T]he issue of fact must be 'genuine.' When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586; see also *Kovacic v. Villarreal*, 628 F.3d 209 (5th Cir. 2010). "Conclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment." *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010). Where a party opposes summary judgment on a claim or defense on which that party will bear the burden of proof at trial, and when the moving party can show a complete failure of proof on an essential element of the claim or defense, then all other issues become immaterial, and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Further, self-serving "affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment." *Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997); see also *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374 (5th Cir. 2010).

The court must render summary judgment in favor of the moving party if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135 (2000). The Supreme Court has cautioned, however, that the ruling court must not encroach upon the functions of the jury. As the Court stated in *Reeves*,

> . . . the court must review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party, but making no credibility determinations or weighing any evidence. The latter functions, along with the drawing of legitimate inferences from the facts, are for the jury, not the court. Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe.

*Id.* (citations omitted). "Summary judgment, although a useful device, must be employed

cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).

**ANALYSIS**

The sole issue raised by RGI in its motion for summary judgment is the applicability of the exclusive remedy provision of the Mississippi Workers' Compensation Act as a bar to plaintiff's claims. The law of this case is that Rogers has pled an affirmative defense that includes the statutory bar to plaintiff's claims against defendant under Mississippi Code Annotated §71-3-7. Rogers argues that New York law, rather than Mississippi law applies to this case, and in the alternative, if the court concludes that Mississippi law is applicable, the court should decline to follow *Doubleday v. Boyd Construction Co.*, 418 So.2d 823 (Miss. 1982) and its progeny as these decisions are in derogation of the plain language and intent of the Mississippi Workers' Compensation Act.[3] Docket 52. The court will address these arguments seriatim.

1. Choice of Law

A federal court sitting in diversity must apply the choice-of-law rules of the state in which it sits. *Day & Zimmermann, Inc. v. Challoner,* 423 U.S. 3, 4–5, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975) (per curiam); *Ellis v. Trustmark Builders, Inc.,* 625 F.3d 222, 225 (5th Cir.2010); *see also Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). This diversity case was removed from the Circuit Court of Marshall County, Mississippi. It is undisputed that

---

[3]In his response to the motion for summary judgment, Rogers also argues that RGI's failure to plead the exclusive remedy provision in its answer, compounded by its sustained active participation in this litigation without raising the defense, resulted in waiver of the affirmative defense of statutory immunity under the Mississippi Workers' Compensation Act. The court overruled this argument. *See* Docket 67.

Mississippi's choice-of-law rules apply. *Williams v. Liberty Mut. Ins. Co.*, 741 F.3d 617, 620 (5th Cir. 2014). In this case, Rogers argues that his right to bring suit against RGI, as the general contractor on the construction project, grows out of the contractual relationship between RGI and Villager, and therefore this court should use the choice of law analysis for claims sounding in contract rather than in tort. Docket 68.

Despite plaintiff's rather tenuous and convoluted arguments to this effect,[4] the word "contract" does not even appear in the complaint. Docket 3. The only claim articulated against RGI in the plaintiff's complaint is specifically entitled, "CAUSE OF ACTION - NEGLIGENCE" [Docket 3, p. 2], and after review the court finds that there is no doubt that his claim sounds in tort, and is not contractual. *See Powe*, 910 So.2d at 1204. Finding that plaintiff's claims are tort claims, the court must apply the factors outlined in §145 of the Restatement (Second) of Conflicts of Laws (1971):

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.[5]

---

[4]See Plaintiff's responses to the motion for summary judgment and supporting memoranda [Docket 51, 52 & 68].

[5]Section 6 of the Restatement, "Choice of Law Principles" directs the court to use the following factors in determining which laws apply:
(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
    (a) the needs of the interstate and international systems,
    (b) the relevant policies of the forum,
    (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
    (d) the protection of justified expectations,

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
    (a) the place where the injury occurred,
    (b) the place where the conduct causing the injury occurred,
    (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
    (d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

See *Powe* at 1201; *see also* 1 Mississippi Practice Civil Procedure §4:9 (2014).

In Mississippi, courts employ a choice of law analysis only when there is a true conflict between the laws of two states, each having an interest in the litigation. *Zurich American Ins. Co. v. Goodwin*, 920 So. 2d 427, 432 (Miss. 2006), citing *Boardman v. United Services Automobile Ass'n,* 470 So.2d 1024, 1038 (Miss.1985). Rogers argues that his right to pursue a remedy against general contractor RGI is "unconditional" under New York workers' compensation laws. *See Chasnoff v. Port Authority of New York*, 131 Misc. 2d 233, 499 N.Y.S.2d 338 (Sup. Ct. 1986) (actions against owner of premises and general contractor were not barred by workers' compensation law). Under New York Workers' Compensation laws, there is also an exclusive remedy provision that prohibits an employee from suing his employer or a fellow employee for an accidental injury which arose out of and in the course of the employment. *See* N.Y. Jur. Workers' Comp. Law §§ 11 and 29. However, if the injury or death is caused by someone else – a third person, including a general contractor where plaintiff is employed by a subcontractor – even though it happened under circumstances which entitle the

---

(e) the basic policies underlying the particular field of law,
(f) certainty, predictability and uniformity of result, and
(g) ease in the determination and application of the law to be applied.

employee to workers' compensation, there is also a right to sue that third person for the negligence or tort. *See Shutter v. Phillips Display Components Co.* 90 N.Y.2d. 703 (N.Y. Ct. App. 1997).

Under § 71-3-7 of the Mississippi Workers' Compensation Act, "[i]n the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor, unless the subcontractor has secured such payment." The law further states that:

> The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife . . . and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death[.]

MISS. CODE ANN. § 71–3–9 (2014). The Mississippi Supreme Court has set out the two elements that must be met to avoid the exclusivity of the Act: (1) the injury must have been caused by the willful act of the employer or another employee acting in the course of employment and in the furtherance of the employer's business, and (2) the injury must be one that is not compensable under the act. *Peaster v. David New Drilling Co., Inc.,* 642 So.2d 344, 346 (Miss.1994),citing *Miller v. McRae's Inc.,* 444 So.2d 368, 371–72 (Miss.1984). Additionally, even if an injured party has made a claim against an employer or has accepted workers' compensation benefits, he or she nevertheless may bring a negligence action against "any other party" under Mississippi Code Annotated § 71–3–71 (Rev. 2000). Although this provision appears to have the same effect as the New York workers' compensation statute, the Mississippi Supreme Court has determined that "where the subcontractor provided compensation coverage to its employees pursuant to its contract with the prime contractor, the prime contractor qualified as a statutory employer and was immune from a common law tort suit by the injured employee." *Salyer v.*

*Mason Technologies, Inc.,* 690 So.2d 1183, 1184 (Miss.1997), *citing Doubleday,* 418 So.2d at 826–27 (Miss.1982). Accordingly, in Mississippi, when a subcontractor has secured and maintained coverage for its employees, the immunity afforded by workers' compensation extends to the general contractor. *Powe v. Roy Anderson Construction Co.*, 910 So. 2d 1197, 1199-200 (Miss. Ct. App. 2005).

As there is a clear conflict between the laws of New York and the laws of Mississippi, the court must apply the most "significant relationship" test, often referred to as the "center of gravity" test, as set out in the Restatement (Second) of Conflicts of Laws on pages 6-7, *supra*. *McDaniel v. Ritter,* 556 So.2d 303, 310 (Miss.1989); *Church v. Massey,* 697 So.2d 407, 410 (Miss.1997). The test focuses on the contacts between the forum and the parties to a case. *Ford v. State Farm Ins. Co.*, 625 So.2d 792, 794 (Miss.1993). Applying that analysis to the facts of this case, the court first finds that there is no statutory directive regarding choice of law, and the relevant factors tip the balance in favor of applying Mississippi law: RGI [prime contractor] and Villager [subcontractor/plaintiff's employer] are both foreign corporations in good standing with the Mississippi Secretary of State's office and both have registered agents in Flowood, Mississippi; the contract between Villager and RGI explicitly states that it "is to be construed as a Mississippi contract, and shall be governed by the law of that state" [Docket 41-1, ¶32]; the construction project that was the site of the accident was a project for the Mississippi Department of Transportation; the accident occurred in Mississippi; plaintiff received medical treatment in Mississippi and some of his treating physicians are in Mississippi; the place where the parties' relationship is centered – *i.e.*, work by Rogers for Villager and RGI on the construction project – is in Mississippi; and finally, plaintiff filed suit in Mississippi. The sole

fact that weighs against application of Mississippi Law and in favor of New York law, as urged by plaintiff, is that plaintiff is a resident of the state of New York. That fact alone is not sufficient to warrant application of New York laws. *Powe* 910 So.2d at 1204.

2. Application of Mississippi Law

Next plaintiff argues that even if Mississippi law applies to this case, under the plain language of §71-3-7, defendant is not plaintiff's "statutory employer" and thus not immune from suit under the statutory immunity provided by the Mississippi Workers' Compensation Act. Docket 52. Plaintiff argues that Mississippi court decisions in *Doubleday* and its progeny are a clear derogation of the plain language of the statute; under the statute, the argument goes, a contractor such as RGI is not immune from suit because immunity is intended to be afforded only to the statutory employer [Villager, under plaintiff's argument] and not a third party [RGI] that has no direct connection to the injured employee other than to cause his injury.

In Mississippi, statutory immunity from a tort claim developed over time from *Mosley v. Jones*, 224 Miss. 725, 80 So. 2d 819 (1955) (defendant was immune from suit as a statutory employer with actual liability), to *Jones v. James Reeves Contractors, Inc.*, 701 So. 2d 774 (Miss. 1997) (defendant was not immune, enterprise immunity was not allowed and the strict immunity tests of *Clark v. Luther McGill, Inc.*, 240 Miss. 509, 127 So. 2d 858 (1961) and later cases were reaffirmed). However, in 1982 the Mississippi Supreme Court decided *Doubleday*, the case which Rogers challenges here today, and expanded the tort immunity granted to employers to prime contractors where the prime assured that its subcontractor had obtained workers' compensation coverage for the subcontractor's employees. *Doubleday v. Boyd Construction Co.*, 418 So. 2d 823 (Miss. 1982). Miss. Workers' Compensation Law § 11:3,

10

Judicial Extension of Tort Immunity, by John R. Bradley, and Linda A. Thompson. This expansion of the statutory immunity provision, surely does, as plaintiff argues, undermine the intent of the statute and both generously and judicially enlarge the umbrella of immunity to the contractor who had no actual liability for benefits under the Act even though its conduct (or that of its employer) caused the injury to plaintiff. Yet the majority of the Mississippi Supreme Court has refused to overturn *Doubleday*. In *Nash v. Damson Oil Corporation*, 480 So.2d 1095 (Miss. 1985), three justices offered a long concurring opinion advocating that *Doubleday* be overturned, and another four justices urged the same decision in another concurrence. These discussions noted the multiple arguments regarding the logic and illogic of granting a prime contractor the benefit of the exclusive remedy provision of the Workers' Compensation Law when it has contractually required its subcontractor to provide insurance for employees rather than securing the insurance itself. Despite these vigorous discussions, *Doubleday* and the exclusive remedy provision remain viable. *Nash v. Damson Oil Corporation*, 480 So.2d 1095, 1101-1104 (Miss. 1985). It is not the province of this federal court to decline to follow well-established state law articulated by a state's supreme court in interpreting that state's statutes simply because this court may not agree that the interpretation is unwise or unfair.

The court is guided by the Mississippi Court of Appeals decision in *Powe v. Anderson Construction Co., Inc., supra*. Powe, a resident of Alabama, was injured in a work-related accident at Vaught Hemingway Stadium in Oxford, Mississippi. *Powe*, 910 So.2d at 1199. Powe's employer, ADS LLC, was an Alabama company hired by Anderson Construction Co., Inc., the prime contractor in the project, to do the concrete finishing work on the stadium expansion project. *Id.* While pouring concrete for an elevator shaft or stairwell, Powe fell and

was injured resulting in a permanent partial disability. Powe, received benefits for his injury and medical bills through a workers' compensation insurance policy provided by ADS. *Id.* Thereafter, Powe and his wife filed suit in Hinds County, Mississippi against ADS LLC and Anderson. *Id.* The circuit court entered summary judgment in favor of ADS LLC and Anderson, granting immunity under the exclusive remedy provision of the Mississippi Workers' Compensation Act, and Powe and his wife appealed. *Id.* On appeal, the court of appeals held that Mississippi – not Alabama – law applied. The court concluded that as Powe's statutory employer, ADS LLC was immune from the plaintiffs' claims under MISS. CODE ANN. § 71-3-9, the Mississippi Workers' Compensation Act exclusive remedy provision, and prime contractor Anderson enjoyed the same immunity by virtue of the judicial extension of the exclusive remedy provision in *Doubleday*. *Id.* at 1204-1205.

The facts of this case and *Powe* are similar. Although plaintiff's claims in this action are not as detailed or as well articulated as those outlined in *Powe*, the allegations of negligence and the lack of any contractual claims, as well as plaintiff's arguments, are very similar. Just as in *Powe*, prime contractor RGI required in its subcontract with Villager that Villager provide workers' compensation coverage to its own employees. Just as in *Powe*, it is undisputed that Rogers was injured in the course of his employment and not as the result of willful acts of others, and Rogers was compensated under the Act. *Powe* at 1204; Docket 43. In accordance with the *Powe* decision, the court finds that the plaintiff's claims are within the meaning enunciated by the Mississippi Workers' Compensation Act and that by virtue of existing law, the defendant is immune from plaintiff's claims under §71-3-7 and *Doubleday*.

**CONCLUSION**

For the reasons stated above, the court finds that the plaintiff's claims fall within the Mississippi Workers' Compensation Act. RGI is protected from suit by the exclusive remedy provision of the Act, MISS. CODE ANN. §71-3-7. RGI's motion for summary judgment is granted and plaintiff's claims are dismissed with prejudice. A final judgment in accordance with this decision will be entered this date

THIS, the 31st day of October, 2014.

                                                                  s/ S. Allan Alexander  
                                                            UNITED STATES MAGISTRATE JUDGE